**Eddie Patrick SIZEMORE, Petitioner,**

v.

**Jack LEE, Warden, Respondent.**

**Civil Action No. 98–0552–R.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Sept. 17, 1998.

Eddie Patrick Sizemore, Keen Mountain, VA, pro se.

## ORDER

TURK, District Judge.

In accordance with the accompanying memorandum opinion, it is hereby

**ADJUDGED AND ORDERED**

that petitioner's petition for *habeas corpus*, pursuant to 28 U.S.C. § 2254, shall be and hereby is **FILED** and **DISMISSED** without prejudice and stricken from the active docket of the court.

The Clerk is directed to send certified copies of this order and the accompanying memorandum opinion to petitioner and to counsel of record for the respondent.

### MEMORANDUM OPINION AMENDED FOR PUBLICATION

■ Petitioner, a Virginia inmate proceeding *pro se*, brings this action as a petition for *habeas corpus*, pursuant to 28 U.S.C. § 2254. Petitioner Sizemore challenges his June 1997 disciplinary conviction for disobeying a direct order not to help other inmates prepare legal pleadings at Marion Correctional Treatment Center (MCTC). As penalty for this conviction, Sizemore was sentenced to a loss of 30 days of good conduct time and suffered a decrease in the rate at which he could earn further good conduct time. The court construes Sizemore's petition as raising the following claim: that the order he was convicted of violating is unconstitutional because it bars the incarcerated mental patients at MCTC from access to the courts. Upon review of the record, the court dismisses the petition under Rule 4 of the Rules Governing § 2254 Cases. Under Rule 4, the court may summarily dismiss a petition if it is clear from the face of the petition that the petitioner is not entitled to relief.[1]

■ In support of his claim, Sizemore cites *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). Like Sizemore, Petitioner Johnson was a jailhouse lawyer or writ writer who helped other inmates prepare legal pleadings. He was disciplined for this activity under a state-wide regulation prohibiting prisoners from engaging in writ writing for others and from seeking such aid.

The United States Supreme Court found the regulation unconstitutional because the state provided no other assistance to illiterate, indigent inmates seeking court access; as relief, the court ordered reversal of the disciplinary actions taken against Johnson for violating the regulation. *Id.* Since *Johnson*, the Supreme Court has specifically held that the state must ensure inmates the "capability" to pursue "actionable," civil rights or post-conviction claims; this goal is usually accomplished through some combination of legal assistance and access to legal materials and/or a law library. *See Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Furthermore, to state a constitutional claim that he has been denied access to the courts, an inmate must demonstrate that lack of state assistance prevented him from filing an actionable claim or caused an otherwise actionable claim to be rejected. *Casey*, 116 S.Ct. at 2182.

The court construes Sizemore's petition to raise a claim similar to the claim raised by the petitioner in *Johnson*, that he was disciplined for disobeying an order that unconstitutionally interfered with inmates' ability to access the courts. Sizemore also appears to be raising an equal protection claim that the order prohibiting him from helping other inmates with legal pleadings conflicted with Institutional Operating Procedure (IOP) 867-7-7.7, which allows inmates to seek help with legal pleadings from other inmates at their own risk, so long as no compensation changes hands.

Sizemore admits that on the day he was charged, June 13, 1997, he was typing a *habeas* petition for another inmate.[2] He alleges that the inmate he was helping, free of charge, and other inmates like him that he might have helped absent the order, had no

---

1. Sizemore states in his petition that he raised his claims in an earlier petition to the Supreme Court of Virginia; that court denied relief by order dated January 28, 1998. Accordingly, the court finds that he has exhausted his state court remedies as required under § 2254. However, inasmuch as the court may dismiss meritless *habeas* claims even before the petitioner has sat-

isfied the exhaustion requirement, verification of exhaustion is unnecessary. *See* § 2254(b)(2).

2. Sizemore first asserts that he was not guilty of the "charge" (disobeying a direct order). His admission about his actions on June 13, 1997 belies this claim.

other way to draft pleadings; they are indigent mental patients with no legal training. Sizemore asserts that he has paralegal training with ten years of experience in helping inmates prepare pleadings in civil and post-conviction litigation, that he has a four-year college degree and five years of on-the-job experience as a paralegal before incarceration. He admits that MCTC has a law library and inmate law clerks to aid other inmates in the library, but asserts that these inmates have no legal training and do not help other inmates prepare pleadings. He submits affidavits from inmates whom he has helped or attempted to help in preparing legal pleadings. These inmates state that without Sizemore's help, they could not have filed their claims, although they are not specific about the factors that would have prevented them from filing or the claims that they wished to bring.

■ The court cannot find that Sizemore's allegations raise a claim under *Johnson.* First, the court finds no merit to Sizemore's unsupported assertion that he has a constitutional right to engage in writ writing for other inmates. The right to access the courts is clearly personal to the inmate who is seeking to bring actionable claims before the court. *Casey,* 116 S.Ct. at 2182.

■ Second, the court finds that MCTC has satisfied the primary concerns of *Johnson* by providing inmates with a law library and inmate legal assistants. *Bounds,* 430 U.S. at 825, 97 S.Ct. 1491 (finding that providing prisoners with law libraries or legal assistance satisfies state's duty to ensure inmates "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts"). Sizemore would have the court determine whether these forms of legal assistance are insufficient to protect the rights of specific categories of inmates. However, the United States Supreme Court in *Casey* expressly held that inmates may not bring a general challenge to the adequacy of the law library or legal assistance program provided by the state prison system. 116 S.Ct. at 2180. To allow Sizemore to proceed on his present claim in a *habeas* action would permit him to

make an end run around this holding in *Casey.*

■ Third, the individualized order from prison officials to Sizemore to cease and desist writ writing activities is factually distinguishable from the state-wide prison regulation at issue in *Johnson.* The Court in *Johnson* did not abrogate the authority of prison administrators to sanction individual writ writers for inappropriate activity. From previous experience with Sizemore, the court takes judicial notice of the fact that, during a previous period of incarceration, Sizemore was investigated and disciplined for violating prison regulations against charging other inmates for his services as a jailhouse lawyer. Given this history and the fact that Sizemore has no constitutional right to prepare petitions for others, the court must defer to the apparent judgment of prison administrators that the security interests of the prison required a ban on Sizemore's writ writing activities. *See Block v. Rutherford,* 468 U.S. 576, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984)(federal court must defer to judgment of state prison authorities in matters of prison administration so long as no constitutional right implicated). Under this same principle, Sizemore's equal protection claim fails, as he is not similarly situated to other inmate writ writers allowed to operate under IOP 867–7–7.7, and as the prison administrators' order bears a rational relationship to a legitimate interest in prison security. *See Moss v. Clark,* 886 F.2d 686 (4th Cir.1989); *see also Washington v. Harper,* 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990)(prison administrative regulations permitted to infringe on inmates' constitutional rights to extent that regulation is rationally related to legitimate state interest).

■ Finally, the court cannot find that Sizemore has alleged facts demonstrating any violation of the right of access to courts for the inmates whom he is not allowed to help. Even assuming that the inmates whom Sizemore would help are illiterate, unfamiliar with English, or too mentally incapacitated to write coherently, Sizemore has not demonstrated that they would not be allowed to seek writing help from other inmate writ writers, their prison counselors or family

members. The court takes judicial notice of the fact that the state prisoners in this district have access to forms to aid them in filing either a *habeas* petition or a civil rights action under 42 U.S.C. § 1983; any person who can read and write could help an illiterate or incompetent inmate complete one of these forms sufficiently to set his concerns before the court. In any event, Sizemore has failed to allege facts concerning any specific claim that these inmates wished to bring. To state a prima facie case of denial of the right of access, the plaintiff must demonstrate that he had an actionable claim that he could not bring or that was rejected directly because of inadequate state assistance or state interference. *Casey,* 116 S.Ct. at 2182.

In conclusion, the court finds no constitutionally protected right implicated by Sizemore's allegations and, therefore, dismisses his petition. An appropriate order shall be issued this day. The petitioner is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.